Petroplus, Judge:
This claim was filed to recover damages for personal injuries sustained by Virgie Harris, Claimant, and medical expenses incurred by her husband, Paul F. Harris, also claimant, as the result of their automobile going over an embankment on the east side of State Route 52, in Wayne County, while traveling in a northerly direction toward Huntington, West Virginia. The negligence charged to the State Road Commission is the failure to provide guard rails at the point of the accident, it being contended that the presence of said guard rails might have prevented the automobile from going over the embankment on the right side of the road.
The husband testified that on June 1, 1967, he was driving a 1954 Model Dodge Sedan, and his wife, was occupying the front seat as a passenger, when his car stalled on the highway. Being unable to start the motor again, the car was pushed by a passing motorist to the berm on the left side of the road in front of a grocery store, entirely off the paved portion of the road which was level and about 30 feet wide at that point. Mr. Harris further stated that he set his emergency brake, that his brake light was flashing and that he got out on the driver’s side leaving the car occupied by his wife and a dog that was also in the car. He went into the grocery store to call a Service Station on the telephone, and a mechanic later came who apparently started the motor and left the scene. Shortly thereafter, the motor stopped again and Mr. Harris for a second time got out of his car, raised the hood and was checking or tinkering with the motor, when for an unexplained reason the motor sudden *190 ly started up again and the car took off in gear before he could get back into the driver’s seat. The automobile was equipped with an automatic transmission which had been placed in “neutral” position before the car started to move. Mr. Harris was struck by the car and thrown to the pavement after it began its movement. The car crossed the entire width of the highway which was level, traveling about 60 feet, crossed the berm of approximately six feet on the right side of the traveled portion of the highway and rolled over a bank into a ditch 25 feet below the level of the highway. Mr. Harris suffered a bone fracture and was hospitalized about 42 days as the result of being struck by the moving car, and Mrs. Harris sustained serious injuries, including a back injury and broken ribs. She was also hospitalized. The medical bills are quite substantial, and the car was totally demolished.
The alleged negligence of the State Road Commission is the failure to provide guard rails at the point of the accident which might have kept the car from going down the steep bank. In response to questions by the Court, Mr. Harris testified that he set his emergency brakes and turned off the ignition before going into the store to call a mechanic, getting out on the driver’s side. After the motor stopped a second time, he got out a second time and opened the hood to see if there was a loose connection leaving his ignition key turned on. The car was in a neutral gear and when he touched something the motor started. He stated that he previously had been having trouble with his automatic transmission before the accident, saying “if you didn’t hold that lever up it would drop down into gear”. This in brief is the factual situation.
It becomes unnecessary in this opinion to apply or discuss questions of law involving the contributory negligence of Mrs. Harris, if any, and the question of intervening negligence on the part of the driver, or even the question of whether the absence of a guard rail at a dangerous point on the highway was the proximate cause of the injuries sustained. It appears that the law of this State has been well settled on the question of whether the failure of the State Road Commission to provide guard rails, place road markers or danger signals on paved highways constitutes primary negligence.
*191 The case of Adkins v. Sims, 130 W. Va. 645, decided in 1947, on undisputed facts, and on a determination of the State Legislature declaring that a moral obligation existed on the part of the State to respond in damages when a car went over a precipitous bank killing its occupants, the State Hoad Commissioner having failed to install and maintain guard rails, the Court in that case clearly established a principle that the failure to provide guard rails by the State Road Commission does not create a moral obligation on the part of the State to compensate a person injured on the highway, allegedly resulting from such failure. This ruling was made notwithstanding a distinct and express legislative enactment stating there was such a moral obligation and appropriating the funds to make compensation. The Opinion holds that the State is not the insurer of the safety of the roads and highways, and that the construction and maintenance of public highways is a governmental function and the funds available for road improvements being necessarily limited, the State Road Commissioner is not required by any Statute to construct guard rails at dangerous points on the highway. This being the situation, every user of the highway travels at his own risk. The State does not and cannot assure him a safe journey. The failure of the State Road Commissioner to provide guard rails did not constitute negligence of any character, and particularly did not create a moral obligation on the part of the State to pay damages for injury or death, assumed to have occurred through such failure, and as the proximate cause thereof. In the very nature of things, and considering the financial limitations placed upon the Road Commissioner, public funds entrusted for road purposes must be expended in the discretion of the Road Commissioner, and at what points guard rails should be provided was a matter of discretion for the State Road Commissioner. The honest exercise of that discretion cannot be negligence.
Here there was no fault with the traveled portion of the road according to the testimony. If we should hold that an unattended automobile which had been brought to a complete stop on the left side of the road, which for some unexplained reason crosses the highway and goes over an embankment on the right side creates a moral obligation to compensate the driver and injured occupant, we would be creating a precedent that the State will be required to compensate every person in *192 jured on the highways of the State, if the accident could have been prevented by maintaining guard rails at the point of the accident. We would also be rendering an opinion that the State has an obligation to maintain in absolutely safe condition every mile of our highways, primary and secondary. This would provide insurance underwritten by the State for every traveler and impose almost an absolute liability on the State to maintain its highways in a safe condition.
There being no showing of primary negligence from the evidence, it becomes unnecessary to consider the questions of proximate cause, contributory negligence or whose negligence proximately contributed to the claimants’ injuries.
Although we are most sympathetic to the claimants for their misfortune and consequent suffering and medical expenses, we are constrained for the foregoing reasons to disallow the claim and accordingly dismiss this claim and make no award.
Claim dismissed.
No award.